UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                     AFFIDAVIT

EDY HERNANDEZ- UBERIA,

                                               S6 07 CR 378 (LAK)

                       Defendants.
------------------------------------------------------------x

STATE OF NEW YORK      )
                                    ) ss.:
COUNTY OF KINGS       )

       1.       My name is Edy Hernandez-Uberia and I am a citizen of the Dominican Republic.  I do not speak English.

       2.       I was sleeping when approximately eight armed Federal agents came into my apartment and arrested me on May 15, 2007.  The agents pointed guns at me and my aunt during my arrest.  I was arrested where I live at 3349 Hull Avenue, Apt. E, Bronx, New York.

       3.       I was terrified and frightened when I signed police forms about my search and my Miranda rights.

       4.       I did not understand or read the police forms I signed.  I do not remember the agents telling me I could remain silent or refuse to give them a consent to search.  They told me I would be released if I talked to them.

       5.       The agents immediately searched my apartment when they entered and

then asked me to sign a police form.

6. The agents told me I could go home if I spoke to them and they told me they would get a warrant to search my home if they wanted to.

7. I did not voluntarily waive my rights to remain silent. I did not voluntarily consent to a search. I was frightened and confused by the police. I signed the papers they put in front of me.

                                                 EDY HERNANDEZ-UBERIA

Sworn to before me this
    day of July, 2007

_____
          Notary Public

Document translated by:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                NOTICE OF MOTION

ANA GARCIA SANTANA, et al.,

                                              S6 07 CR 378 (LAK)

                     Defendants
-------------------------------------------------------------x

      PLEASE TAKE NOTICE, that upon the annexed affirmation and memorandum of law of JOHN BURKE, ESQ., sworn to the 1st day of August, 2007, and upon the indictment, and all other proceedings here, the defendant, EDY HERNANDEZ-UBERIA, will move this Court on September 11, 2007, for an Order directing.

      1.      That the Government disclose all 404(B) evidence it intends to introduce at the trial of this case;

      2.      A hearing pursuant to F.R.Cr.P. 12, to determine the admissibility of statements made by EDY HERNANDEZ-UBERIA;

      3.      Discovery, inspection of all materials in the possession of the Government favorable to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

      4.      A hearing pursuant to F.R.Cr. P. 12 to determine the admissibility of personal property seized from Edy Hernandez-Uberia's home;

    5.    That EDY HERNANDEZ-UBERIA be permitted to join in the motions filed by co-defendants;

    6.    That the defense be permitted to file further motions.

Dated:  Brooklyn, New York
         August 1, 2007

                                Yours, etc.,

                                JOHN BURKE
                                Attorney for Defendant
                                 EDY HERNANDEZ-UBERIA
                                26 Court Street - Suite 2805
                                Brooklyn, New York  11242
                                (718) 875-3707

TO:  UNITED STATES ATTORNEY
       SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                    -against-

ANA GARCIA SANTANA, et al.,

                          Defendants.
-------------------------------------------------------------x

AFFIRMATION AND
MEMORANDUM
OF LAW

S6 07 CR 378 (LAK)

      JOHN BURKE, a member of the Bar of this Court, affirms the following under penalty of perjury:

      That I am the attorney of record for the defendant EDY HERNANDEZ-UBERIA and I am fully familiar with all the facts and circumstances as revealed by the file maintained in my office.

      I submit this affirmation and memorandum of law in support of various motions made by defendant EDY HERNANDEZ-UBERIA, hereinafter "Hernandez".

## I. F.R.E. 404(B) MATERIAL

      The Government, upon information and belief, intends to introduce evidence concerning prior bad acts of the defendant Hernandez at trial.

      The defense requests that the Government list any 404(B) evidence it will seek to introduce at trial. The defense also asks that the Government set forth the proposed reasons for the admissibility of such evidence.

Fed. Rules Evid. Rule 403, 28 U.S.C.A., states that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence".  For evidence of other bad acts to be accepted, it must be established by a preponderance of the evidence.  United States v. DeVaughn, 601 F.2d 42 (2nd Cir. 1979); United States v. Peterson, 808 F.2d 959 (2nd Cir. 1987)

Herandez requests permission to respond to the Government's 404(B) requests once they have been disclosed to the defense.

### 2. MOTION TO SUPPRESS STATEMENTS

On May 15, 2007, Edy Hernandez-Uberia was arrested by Federal Agents pursuant to an arrest warrant issued by Magistrate D. Freeman of the Southern District of New York . Subsequent to his arrest, Hernandez was interrogated by agents and signed documents which the Government intends to introduce into evidence at trial (see Ex. A).  The defense requests that these statements be suppressed since they were made in violation of Hernandez's right under Miranda v. Arizona, 384 U.S. 436 (1966); and the Fifth and Sixth Amendments of the United States Constitution.

Hernandez's signature on the documents was not voluntary and was not made after a knowing and consensual waiver of his Miranda rights.  Hernandez was

questioned in a coercive atmosphere, he was threatened with a lengthy prison term and told that if he cooperated with authorities he might be released. Under these circumstances, the psychological coercion and improper promises used by Hernandez's interrogators rendered his statements involuntary and inadmissible at trial. Hutto v. Ross, 429 U.S. 28 (1976); Haynes v. State of Washington, 373 U.S. 503 (1963).

Hernandez does not speak English and he does not recall the Government agents reading him his Miranda rights prior to his interrogation. He does recall signing documents after his arrest (see Exhibit B), but does not remember reading any documents or any agent discussing his Miranda rights with him.

The determination of whether an accused has knowingly and voluntarily waived his Miranda rights depends on the totality of the circumstances. Fare v. Michael, 442 U.S. 707 at 725 (1979); United States v. Bye, 919 F.2d 6 (2nd Cir. 1966). The Court may take into consideration a suspect's intelligence, language barriers and experience with the criminal justice system when deciding if any Miranda waiver is knowing and voluntary. Campaniera v. Reid, 891 F.2d 1014 at 1020 (2nd Cir. 1989); United States v. Scarpa, 897 F.2d 63 at 69 (2nd Cir. 1990).

During his arrest Hernandez was held by agents at gunpoint and it traumatized him. Hernandez was nervous, upset and confused during his interrogation. Under

3

these circumstances it cannot be said that his post arrest statements were made after a knowing and voluntary Miranda waiver. (See Exhibit D, Defendant's affidavit).

### 3. BRADY MATERIAL

Under the principals initiated in Brady v. Maryland, 373 U.S. 83 (1963), the government must deliver to the defendant all evidence favorable to him bearing on any of the issues raised by the indictment or the government's proof at trial. Delay of production of this material until trial may make it of little use to the defense. If, for example, it is only at trial that defendant is informed that a witness absolved him of complicity of an act, it may be too late for defense counsel to find the witness. Pretrial discovery is necessary if any effective defense is to be had. Grant v. Alldredge, 998 F.2d 376 382 (2d Cir. 1974).

### 4. MOTION TO SUPPRESS PERSONAL PROPERTY

On May 15, 2007 Hernandez was sleeping in his bed when approximately eight armed Federal agents entered his apartment and arrested him. They searched the apartment immediately while holding Hernandez and his aunt at gunpoint. The agents then demanded that Hernandez sign a consent to search form and they conducted a more thorough search. During these searches of Hernandez's home, 3349 Hull Avenue, Apt. E, Bronx, New York, agents seized personal property including documents which the Government intends to use as evidence at trial.

Hernandez's consent to search, Exhibit C, was not knowingly and voluntarily given. His act of signing the document was mere acquiescence to a show of force when he was terrified and in custody. The agents also told Hernandez that they would get a warrant to search the apartment if he did not sign the consent form. Hernandez felt threatened by the agents and was worried about his aunt's safety when the armed group entered his home. Under the circumstances the consent to search was not voluntarily given and the search of Hernandez's home without a warrant was illegal

The prosecution must demonstrate by a preponderance of the evidence that a consent to search was voluntarily given. United States v. Buettner-Janusch, 646 F.2d 759, 764 (2d Cir. 1981). Voluntariness is determined based on the totality of the circumstances and a determination as to whether the consent was a product of free choice or mere acquiescence to a show of authority. United States v. Wilson, 11 F.3d 346, 351 (2d Cir. 1993).

In deciding the voluntariness of a consent to search, the Court may take into consideration the defendant's age, background, mental condition and the setting in which the consent is obtained. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Hernandez is a citizen of the Dominican Republic and he does not speak English. His signature on the consent form was given while he was in custody and after numerous armed Federal agents arrested him at gun point in his apartment. Under

these circumstances Hernandez's consent was mere submission to authority and the items seized should be suppressed. United States v. Isiotia, 370 F.3d 226, 231 (2d Cir. 2004); United States v. Vasquez, 638 F.2d 507 (2d Cir. 1980); United States v. Ruiz-Estrella, 481 F.2d 723 (2d Cir. 1973)

### 5. HERNANDEZ REQUESTS PERMISSION TO JOIN IN THE MOTIONS OF HIS CO-DEFENDANTS

Currently, Hernandez is joined in an indictment with two other defendants. He requests permission to join in those motions made by any similarly situated co-defendant applicable to him. These motions may include requests for severance and suppression of wire tapped conversations. This joinder will promote judicial economy, prevent unnecessary litigation and should be granted in the interest of justice. United States v. Feola, 651 F, Supp. 1068 (1987).

### 8. OTHER MOTIONS

Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based upon the Government's response to the present motions or new facts uncovered by the defendant's ongoing investigation into this case. These further motions may include a request for a severance pursuant to Bruton v. United States, 88 S. Ct. 1620 (1967). At this juncture Hernandez has not been provided with any statements made by his co-

defendants. When this motion was completed the Government had not supplied the defense with all periodic reports and sealing orders for the wiretaps. The defense reserves the right to make further motions based on this material.

WHEREFORE, the defendant respectfully moves for the relief set forth herein, and for such other and further relief as the Court may deem just and proper.

Dated:   Brooklyn, New York
            August 1, 2007

                                                        JOHN BURKE
                                                        Attorney for Defendant
                                                          EDY HERNANDEZ-UBERIA
                                                        26 Court Street - Suite 2805
                                                        Brooklyn, New York   11242
                                                        (718) 875-3707