

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York  10007*

**August 13, 2007**

**By Hand Delivery**
The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

       Re:    United States v. Edy Hernandez-Uberia,
                  S6 07 Cr. 378 (LAK)

Dear Judge Kaplan:

       The Government respectfully writes to respond to the defendant's motion (1) for a hearing to determine the admissibility of statements made by him following his arrest and of personal property seized during a post-arrest search of his home and (2) for an order directing the Government to disclose any evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b) and to produce materials as required by Brady v. Maryland, 373 U.S. 83 (1963). (See Notice of Motion at pages 1-2).  In light of the statements made in the defendant's sworn affidavit, the Government agrees that a hearing is necessary to resolve the question whether the defendant's statements and property are admissible.  In all other respects, the Government respectfully submits that the motion should be denied.

       **I.**    **Admissibility of Post-Arrest Statements and Property Seized**

       In the event of a hearing, the Government expects that the evidence will show the following.  On May 15, 2007, Hernandez-Uberia was arrested at his home at 3349 Hull Avenue in the Bronx, New York, pursuant to an Indictment charging him with participation in a conspiracy to distribute heroin.  The arresting officers provided Hernandez-Uberia with a form stating that he consented to the search of his home, which Hernandez-Uberia read and signed in the presence of the agents.  The defendant's residence was searched thereafter.  The defendant was then transported to the DEA's New York field office, where he was provided with a Miranda advice of rights form.  The defendant read and initialed that form in the presence of the agents.  Thereafter, Hernandez-Uberia made statements to the agents.

       As this Court is well-aware, a suspect must be advised of the rights specified in Miranda v. Arizona, 384 U.S. 436, 479 (1966), before he may be subject to custodial interrogation.  In order to prove a valid waiver of such rights, the Government must show that the waiver was voluntary, and that the defendant was aware of the right being waived and the

The Honorable Lewis A. Kaplan
August 13, 2007
Page 2

consequences of waiving that right. See United States v. Jaswal, 47 F.3d 539, 542 (2d Cir. 1995). The Government must prove waiver by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 168 (1986).

      In determining whether the statements thereafter made by the defendant during custodial interrogation are voluntary, courts must consider "the totality of all the surrounding circumstances, including the accused's characteristics, the conditions of interrogation, and the conduct of law enforcement officials." United States v. Anderson, 929 F.2d 96, 99 (2d Cir. 1991); United States v. Bye, 919 F.2d 6, 8-9 (2d Cir. 1990) (test is whether waiver was "product of an essentially free and unconstrained choice," and reviewing court must consider totality of the surrounding circumstances).

      A statement is not voluntary within the meaning of the Fifth Amendment if it is obtained by "'techniques and methods offensive to due process' or under circumstances in which the suspect clearly had no opportunity to exercise 'a free and unconstrained will.'" See Oregon v. Elstad, 470 U.S. 298, 304 (1985) (quoting Haynes v. Washington, 373 U.S. 503, 515 (1963)). Statements may be deemed involuntary, such that the Fifth Amendment precludes their introduction at trial, if "an examination of all the circumstances discloses that the conduct of law enforcement officials was such as to overbear [the defendant's] will to resist and bring about [statements] not freely self-determined." United States v. Mitchell, 966 F.2d 92, 100 (2d Cir. 1992) (quoting Rogers v. Richmond, 365 U.S. 534, 544 (1961)).

      An evidentiary hearing is appropriate where a defendant supports his motion with "moving papers [that] are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the . . . [matter] are in question." United States v. Pena, 961 F.2d 333, 339 (2d Cir. 1992). "In order to raise a factual issue concerning the validity of a seizure such that a hearing is required, the defendant must support his claim with an affidavit based on personal knowledge" of the relevant facts. See United States v. Vasta, 649 F.Supp. 974, 986 (S.D.N.Y. 1986) (internal citations omitted).

      With respect to searches, the Government is not required to obtain a warrant to search a defendant's residence if the defendant voluntarily consents to the search. See Schneckloth v. Bustamonte, 412 U.S. 218, 219, 223 (1973). To determine whether consent was voluntary, courts examine the totality of the circumstances surrounding the consent. Id. at 227; United States v. Yu-Leung, 51 F.3d 1116, 1119 (2d Cir. 1995).

      Hernandez-Uberia has submitted an affidavit in which he alleges that he "did not understand or read the police forms I signed," (See Affidavit of Hernandez-Uberia at ¶ 4), and which further alleges that he does not "remember the agents telling me I could remain silent," that he was "frightened and confused by the police" and that he simply "signed the papers [the police] put in front of me." (See Affidavit of Hernandez-Uberia at ¶¶ 4, 7). He further alleges that the agents "pointed guns at me and my aunt during the arrest" and that he was "terrified and frightened" when he signed the Miranda rights form, as well as the search form. (See id. at ¶ 2, 3).

The Honorable Lewis A. Kaplan
August 13, 2007
Page 3

With respect to the search of his residence, the defendant further alleges that the agents "immediately searched my apartment when they entered and then asked me to sign a police form." (See Affidavit of Edy Hernandez-Uberia ¶ 5). He further claims that he was never told that he could refuse to give consent to search. (See id. at ¶ 4).

Hernandez-Uberia's sworn affidavit is sufficient to create a factual issue with respect to whether he was advised of his Miranda rights and whether he consented to the search of his home. The Government therefore agrees that the Court should hold an evidentiary hearing to resolve those issues.

## II. Discovery Pursuant to FRE 404(b) and Brady v. Maryland

The Government respectfully submits that the defendant's request for an order directing the Government to produce all evidence that it intends to introduce at trial pursuant to Federal Rule of Evidence 404(b) should be denied as premature. As this Court is aware, no trial date has yet been set in this case. The Government will notify the defendant of any 404(b) material it intends to introduce within a reasonable period of time prior to any such trial date. No more is required and the defendant fails to explain why such notification, and production of evidence, is necessary at this time. See United States v. Perez, 940 F. Supp. 540, 553 (S.D.N.Y. 1996) (Government must provide reasonable notice in advance of trial of the general nature of 404(b) evidence it intends to introduce); see, e.g., United States v. Sanchez, 2003 WL 1900851, No. S1 01 Cr. 277 at *4-5 (S.D.N.Y. Apr. 17, 2003 (Casey, J.) (denying as premature defendant's motion to preclude Government from offering 404(b) evidence where Government had not notified defendant of its intent to use such evidence and planned to do so no later than 14 days prior to trial).

The defendant's request for an order directing the Government to produce materials pursuant to the requirements of Brady v. Maryland, 373 U.S. 83 (1963), should be denied as well. The Government informed the defendant in its initial discovery letter dated June 29, 2007, that the Government recognized its obligations under Brady, was unaware of any Brady material, and would produce any such material should it come to light. Courts in this Circuit have repeatedly denied requests for discovery orders pursuant to Brady where, as here, the Government has made a good-faith representation to the court and defense counsel that it recognizes and has complied with its disclosure obligations under Brady. See, e.g., United States v. Gallo, No. 98 Cr. 338 (JGK), 1999 WL 9848, at *7 (S.D.N.Y. Jan. 6, 1999) (denying defendant's motion to compel production of Brady material based on Government's representations that "it is aware of its obligations under Brady . . . and will produce any Brady material to the defense well before trial"). There is no basis for the issuance of such an order in this case.

The Honorable Lewis A. Kaplan
August 13, 2007
Page 4

### III.     Conclusion

           For the reasons set forth above, the Government agrees that a hearing is necessary to resolve the question whether the defendant consented to a search of his home and whether he was advised of his *Miranda* rights prior to custodial interrogation. The Government submits that the defendant's motion for an order concerning discovery matters should be denied.

                                                    Sincerely,

                                                    MICHAEL J. GARCIA
                                                    United States Attorney

                                                    s/Jocelyn E. Strauber
By:   _____
        Jocelyn E. Strauber
        Assistant United States Attorney
        (212) 637-1034 (phone)
        (212) 637-0086 (fax)

cc:     John Burke, Esq. (by facsimile)