**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**UNITED STATES OF AMERICA,**

   -against-                                                     No. 07-CR-378(SAS)

**ANA GARCIA-SANTANA,**

   **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### SENTENCING MEMORANDUM

                                                     **MITCHELL DINNERSTEIN**, **Esq.**
                                                     Attorney for Defendant, Ana Garcia-Sanchez
                                                     350 Broadway
                                                     Suite 700
                                                     New York, New York 10013
                                                     212-925-0793

## *MITCHELL DINNERSTEIN*

*Attorney at Law*

350 Broadway, Suite 700

New York, New York 10013

212-925-0793

(Fax) 212-625-3939

April 7, 2008

**By ECF and HAND DELIVERED**

Hon. Judge Sidney Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: **UNITED STATES V. ANA GARCIA-SANCHEZ**
   Docket No. 07-CR-00378 (SAS)

Dear Judge Stein:

      I write on behalf of my client, Ana Garcia-Sanchez, in advance of her sentencing, presently scheduled for April 15, 2008. On January 15, 2008, Ana Garcia-Sanchez pleaded guilty before this Court to Count 1 of the Indictment, a Conspiracy to Distribute and Possess With Intent to Distribute Heroin under Title 18 U.S.C. § 846. The Government acknowledges that the defendant meets the criteria set forth in U.S.S.G. § 5C1.2 and Title 18 U.S.C. § 3553(f). For the reasons stated below, I submit that an appropriate substance within the Stipulated Guideline Range of 37 months would be reasonable and just for this defendant.[1] This is Ms. Garcia-Sanchez's first contact with the Criminal Justice System.

      Ana Garcia-Sanchez is presently 49 years old. She is the fourth of seven children

.

---

[1] Under the Plea Agreement in this case, the parties agreed not to seek any departures from the Stipulated Guideline Range of 37 to 46 months. The parties though agreed to argue where under the Guideline Range the defendant should be sentenced in accordance with Title 18 U.S.C. § 3553(a). (p 3 of the Plea Agreement)

Page 2
<u>USA v. ANA GARCIA-SANTANA</u>

born on April 1, 1959[2] to Ramon Garcia Dela Cruz (deceased) and Fidelina Garcia (age 78) in Santo Domingo, Dominican Republic. The defendant's mother presently lives in the Bronx and suffers from intestinal cancer. The defendant is very close to her mother and often takes care of medical needs.

  I have no substantive issues with the Probation Report. I am writing to the Court to provide more specific details in Ms. Garica-Sanchez's life to aid the Court in understanding how the defendant got involved in the instant offense. These arguments attempt to address the necessary Court's sentencing considerations under 18 USC § 3553(a).

  In the Dominican Republic, Ana, at 12, met her husband Amado Reynoso who was seven years her senior. They married when she was 16 and shortly thereafter had their first child, David. She had another child, Raul, when she was 20 and a third child, Eddy, followed shortly thereafter. Eddy, the youngest, was diagnosed with sickle cell anemia and Ana decided to emigrate to the United States with her son in the hope for better medical care[3]. Their immigration status is as legal residents. The rest of the nuclear family remained in the Dominican Republic. Although, Ana and her husband were eventually divorced, they maintain a friendly relationship. Ana's older sons live in the Dominican Republic are employed and maintain a good relationship with their mother.

  Ana has multiple health problems as verified by the probation department (see ¶ 42). Her most serious health problems are high blood pressure, asthma, high cholesterol, diabetes and disk problems with her hip.

  Ana's work history has been menial and low paying. She never learned to speak English. Her employment consisted of working at a bargain discount store for $20 a day, a chocolate factory for $275 to $300 per week, as a waitress in restaurants and most recently, as a health care aide receiving about $7.50 per hour. This later job required some training.

  Ana met the co-defendant Luis Acevedo a/k/a Martinez sometime in 2004. Acevedo was clearly the brains of the drug operation and manipulated Ana to participate. He, of

---

[2] The PSI indicates an incorrect date of birth. Her correct date of birth is April 1, 1959. Also the report also misspells her name. It is "Ana" with one "n" not Anna.

[3] It should be noted that Eddy has had many bouts with his illness. As he indicated to me, coming to the United States, due to the medical treatment, has provided him with an opportunity to live. He is a bright articulate person presently living in Pennsylvania with his aunt. He is unemployed at the moment, having lost his job when recently hospitalized for sickle cell anemia. He will soon have his first child with his girl friend, Carmen.

Page 3
USA v. Ana Garcia-Sanchez

course, recognized her vulnerability. Ana lost her health care position around this same time due to her responsibility towards dealing with her mother's health issues. The health care job was on Long Island. Ana had no other means of support and began to rely financially on Acevedo. Acevedo was willing to pay Ana's rent for her apartment and her home expenses as long as Ana assisted him in his drug business. The payment of her rent was occasionally stopped when Ana balked at doing Acevedo's biding. Still, obviously, she continued to assist Acevedo in his drug business.

      Ana Garcia- Sanchez's involvement in this business was directly related to her economic circumstances and Acevedo willing, with substantial strings, to assist her financially with household expenses. She went along, a foolish choice, but one which I submit would merit leniency by this Court.

      I ask that the Court impose a sentence of 37 months, at the lowest end of the Guideline Range.

      Respectfully submitted,

      Mitchell Dinnerstein

cc.: Benjamin Naftalis
     AUSA

     Colleen Tyler
     United States Probation Officer