May 14, 2008

Hon. Sidney H. Stein
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re: USA v. Edy Hernandez-Ubeira
          07 Cr. 378 (SHS)

Dear Judge Stein;

      In response to the Presentence Report:

      Paragraph 19 - defendant Hernandez has met with the Government, and he believes he has now met all 5 criteria for "safety valve" relief pursuant to USSG @@ 2D1.1, and 5C1.2. Consequently, Hernandez submits his Total Offense level is 27, at Criminal History I.

      Mr. Hernandez also seeks to emphasize that on December 11, 2006, he plead guilty in the NYS Supreme Court, New York County before Justice Wetzel under Indictment #5301/06. The plea was to Money Laundering in the Third Degree [transportation of narcotics proceeds] [Transcript attached]. On February 26, 2007, Hernandez was sentenced to 5 years Probation.

      As a consequence of Hernandez's guilty plea in the NYS Supreme Court, the United States charged him in the instant Indictment with Conspiracy to Distribute and Possess with the Intent to Distribute heroin. Defendant's conduct for both cases is exactly the same. Defendant agreed to deliver narcotics proceeds to New York City from New Jersey. Otherwise, Hernandez cannot be considered a narcotics trafficker. He had not proprietary interest in the narcotics, and had no other role except as a delivery person for the money.

Defendant is 32 years old.  He is the father of 2 children, ages 4 and 1, who live with defendant's wife in the Dominican Republic.  Hernandez agreed to become involved in this crime because he was unemployed for 4 months, and thought he could earn easy money by transporting money.

Hernandez has been in custody since his federal arrest on May 15, 2007.  Hernandez has been a model inmate at the Metropolitan Detention Center, and his excellent work performance records from the jail are enclosed.

Defendant believes the law of sentencing is now as follows.  In Blakely v. Washington, 124 S.Ct. 2531 (2004), the Supreme Court ruled that the Washington State sentencing structure violated the Sixth Amendment right to trial by jury because it permitted a Judge to impose a sentence in excess of the statutory maximum.  The Blakely, supra. decision repeats the rule expressed in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.  The January 12, 2005, Supreme Court decision in USA v. Booker, and USA v. Fanfan, 125 S. Ct. 738 (2005), concluded that the Sixth Amendment as construed in Blakely v. Washington, supra. applies to the Federal Sentencing Guidelines.  The Booker Court held the mandatory application of the sentence guidelines to be unconstitutional.

In Booker, supra. the Supreme Court further held that 18 USC @ 3553(b)(1) which makes the Federal Sentencing Guidelines mandatory,  is incompatible with the Sixth Amendment jury trial holding and therefore must be severed and excised from the Sentencing Reform Act of 1984.  Section 3742(e), which depends upon the Guidelines mandatory nature, also must be severed and excised.   While the Guidelines no longer play a mandatory role at sentencing judges are required to "consider the Guidelines' sentencing range established for ... the applicable category of offense committed by the applicable category of defendant' @3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims @@3553(a)(1),(3),(5)-(7) (main ed. And Supp. 2004)."  United States v. Booker, 125 S. Ct. 738, 764 (2005).

In sentencing defendants, district courts should consider the factors set forth in 18 USC

@ 3553(a).  The statute provides that the sentencing "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and the statute then sets forth 7 specific considerations:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed -

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        C) to protect the public from further crimes of the defendant;

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of services available;

    (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];

    (5) any pertinent policy statement [issued by the Sentencing Commission];

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

On December 10, 2008, in <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007), the United States Supreme Court ruled that the Guidelines are but one factor, with no primacy, that the District Court must consider in its "individualized assessment" regarding sentencing.  The Guidelines are just the "starting point and the initial benchmark" in the sentencing calculus.

    Mr. Hernandez's incarceration at the MDC has been difficult.  He has been incarcerated continuously since the date of his arrest.  The MDC is overcrowded.  The bathroom consists of 1 shower head, 1 toilet, and 1 face basin with 2 faucets.  The prison area has a roach and fly problem.  No exterminator is ever called in.  Defendant has feared infection from co-mingled inmates with HIV.  The dorm has no ventilation.  Mold and mildew are ever present on the prison interior walls.  The mops used to clean the bathroom are washed in the same washing

machine used to wash the clothes. Mr. Hernandez cannot get bleach to disinfect this.

Mr. Hernandez requests a sentence involving no further jail time, and he still must comply with the Probationary term imposed by NY State.

Also, enclosed are letters from defendant's family, and friends. Other letters will be sent as soon as they are translated from Spanish to English.

Respectfully,

/s

B. Alan Seidler

cc:   AUSA Benjamin Naftalis
      Probation Officer Lyvia Ramos
      Edy Hernandez
bas/ee